IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SALVADOR REYES § | |
| Plaintiff § | |
| § | Civil Action No. _____ |
| v. § | |
| § | Jury Trial Demanded |
| WALMART INC. f/k/a § | |
| WAL-MART STORES, INC. § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, SALVADOR REYES, ("Plaintiff") is an individual that is a citizen of the State of Texas.

2. Defendant, WALMART INC. f/k/a WAL-MART STORES, INC., is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Arkansas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas Tx. 75201 or 2 Office Park Court, Suite 203, Dallas Tx. 75201.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1331 because the suit arises under the laws of the United States, to wit; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and the Americans with Disabilities Act (ADA). *42 U.S.C. § 12112.* The plaintiff was employed with defendant doing business within the territorial jurisdiction of the court.

3.1    The court also has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Venue

4.    Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because (a) the alleged unlawful employment practice was committed in this district; (b) the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district; and (c) Plaintiff would have worked in this district but for the alleged unlawful employment practice. Venue is also proper in this district under 28 U.S.C. §1391(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### D. Exhaustion of Administrative Remedies

5.    Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 1.

5.1    All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

### E. Facts

6.    Plaintiff was employed by Defendant as a maintenance associate on or about May 26, 2015. In 2017, Plaintiff's new supervisor, Mr. Jose Luis Diego, erroneously accused him of

missing work and was scolded and berated in the process. When Plaintiff provided Mr. Diego with documentation reflecting that he was not scheduled to work on the day in question, Mr. Diego responded by assigning Plaintiff more work than he assigned to Plaintiff's younger team members and by pressuring him to complete it as fast as they completed the work assigned to them.

6.1    Thereafter, Mr. Diego, his assistant Mr. Ricardo Garcia, Jr., and his supervisor Mr. Jose Cano, continued assigning Plaintiff more work than was assigned to plaintiff's younger team members. Mr. Diego also began to criticize Plaintiff for being too old and slow and for allegedly not being able to work as fast as the younger employees.

6.2    On or about January 27, 2018, Plaintiff injured his right shoulder in a work-related accident in the course and scope of his employment with Defendant. Despite being permitted to return to work only with physical restrictions by the doctor that Defendant provided, Plaintiff was placed on regular duty by Defendant's Assistant Manager Mr. Ricardo Garcia, Jr., and Mr. Jose Cano, Defendant's Supervisor. After a couple of days, Plaintiff was forced to notify Ms. Maribel Martinez, Defendant's General Manager, about the situation in order to obtain relief from his discomfort and compliance with the work limitations imposed upon him by the doctor.

6.3    Once Plaintiff was released to return to regular duty by the doctor, Mr. Diego's harassment of Plaintiff became worse. He constantly applied pressure on Plaintiff by threatening to fire him for being too old and slow and unfairly singled Plaintiff out for not being physically able to timely complete his assigned tasks. While Plaintiff was still suffering from the effects of his work-related injury at the time, Plaintiff's team had lost about half of its workers and were having the same problems for which Plaintiff was criticized. On the other hand, these younger

workers, who had not been involved in work-related accidents resulting in injury, were not criticized or threatened with loss of their jobs by Defendant.

6.4     In May 2018, Plaintiff's superiors failed to notify him of a change in his work schedule. As a result, Plaintiff took his regularly scheduled day off. Despite not having been provided notice of the change in his work schedule, Plaintiff was reprimanded for missing work.

6.5     Plaintiff was also instructed by Mr. Cano and Mr. Diego to disregard his normal working hours of 10:00 p.m. to 7:00 a.m. and was given new working hours from 11:00 p.m. to 8:00 a.m. When Plaintiff complied with the instruction, they reprimanded again - for obeying it.

6.6     As a result, Plaintiff reported this continued harassment to Defendant's personnel office. Instead of taking prompt remedial action, Plaintiff was terminated on August 3, 2018, for allegedly not completing work that had been assigned to him on that day. In truth and fact, Plaintiff had been assigned the work in question the day before and had completed it.

6.7     Following Defendant's termination of Plaintiff's employment, Plaintiff was replaced by a person younger than he.

## F. Discrimination & Retaliation Under the ADEA

7.      Plaintiff was an employee within the meaning of the ADEA and belonged to the class of employees protected under the statute, namely, employees over the age of 40.

8.      Defendant is an employer within the meaning of the ADEA.

9.      Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 6 thru 6.7 above and incorporate them by reference as if fully set forth herein.

9.1     Defendant through its authorized agents and employees, intentionally discriminated against Plaintiff because of his age in violation of the ADEA by (1) subjecting him to unwelcome harassment because of his age; (2) creating or permitting the creation of a hostile

work environment; (3) subjecting him to different terms, conditions or privileges of employment than those enjoyed by Defendant's younger workers; (4) retaliating against him for reporting and opposing Defendant's unlawful conduct by creating pretexts for the termination of his employment; and (5) terminating his employment on or about August 3, 2018.

9.2   Defendant knew or should have known of the discrimination, harassment, and hostile work environment that Plaintiff was subjected to because of his age but failed to take prompt, remedial action. Instead of taking prompt, remedial action, Defendant retaliated against Plaintiff by firing him and replacing him with a person outside the protected class and younger than he.

### G. Discrimination & Retaliation Under the ADA

10.   Plaintiff is an employee within the meaning of the ADA. *See 42 U.S.C. §12111(4).*

11.    Defendant is an employer within the meaning of the ADA. It is engaged in an industry affecting commerce and has the requisite number of employees (15) for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *42 U.S.C. §12111(5)*

12.   Plaintiff was disabled, as defined by the Americans with Disabilities Act (ADA). *See 42 U.S.C. §§12102, 12111(8).* At all material times Plaintiff suffered from the effects of a work-related right shoulder injury that substantially limited one or more major life activities, had a history of such disability, and/or was perceived by Defendant to be disabled because of a physical impairment that was not transitory and minor. Nonetheless, Plaintiff was otherwise qualified to perform the essential functions of his job with Defendant.

13.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 6 thru 6.7 above and incorporate them by reference as if fully set forth herein.

14.     Defendant through its authorized agents and employees, intentionally discriminated against plaintiff on the basis of his disability in violation of the ADA by (1) subjecting him to unwelcome harassment because of his disability; (2) creating or permitting the creation of a hostile work environment; (3) subjecting him to different terms, conditions or privileges of employment than those enjoyed by Defendant's non-disabled workers; (4) retaliating against him for reporting and opposing Defendant's unlawful conduct by creating pretexts for the termination of his employment; and (5) terminating his employment on or about August 3, 2018.

14.1    Defendant knew or should have known of the discrimination, harassment, and hostile work environment that Plaintiff was subjected to because of his disability but failed to take prompt, remedial action. Instead of taking prompt, remedial action, Defendant retaliated against Plaintiff by firing him and replacing him with a person who was not disabled.

## **H. Damages**

15.     As a direct and proximate result of defendants' conduct, plaintiff suffered the following injuries and damages.

   a.   Lost pay and benefits, including loss of pension, retirement and Social Security benefits pursuant to the ADEA.

   b.   Back pay and lost benefits pursuant to the ADA.

   c.   Expenses incurred in seeking other employment or for medical treatment that otherwise would have been covered by the health benefits plan offered by defendant pursuant to the ADEA.

   d.   Future lost wages and benefits pursuant to the ADEA.

  e. Front pay and benefits pursuant to the ADA.

  f. Liquidated damages within the meaning of the ADEA and the FLSA. *See* 29 U.S.C. §626(b) for Defendant's intentional and willful violation of the ADEA.

  g. Physical pain, mental anguish and emotional distress pursuant to the ADA.

  h. Punitive damages pursuant to the ADA.

  i. Prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney fees.

## **I. Attorney Fees**

16. Plaintiff is also entitled to an award of attorney fees and costs under the ADEA and under the ADA.

## **J. Prayer**

17. For these reasons, plaintiff asks for judgment against defendant for the following:

  a. Lost pay and benefits, including loss of pension, retirement and Social Security benefits pursuant to the ADEA.

  b. Back pay and lost benefits pursuant to the ADA.

  c. Expenses incurred in seeking other employment or for medical treatment that otherwise would have been covered by the health benefits plan offered by defendant pursuant to the ADEA.

  d. Future lost wages and benefits pursuant to the ADEA.

  e. Front pay and benefits pursuant to the ADA.

  f. Liquidated damages within the meaning of the ADEA and the FLSA. *See* 29 U.S.C. §626(b) for Defendant's intentional and willful violation of the ADEA.

  g. Physical pain, mental anguish and emotional distress pursuant to the ADA.

  h. Punitive damages pursuant to the ADA.

  i. Prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney fees.

j. reasonable attorney fees.

k. Costs of suit.

l. All other relief the court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF ADOLPH R. GUERRA, JR.**

By: /s/ Adolph R. Guerra, Jr.
ADOLPH GUERRA
State Bar No. 08572000
S.D. No. 1322
700 Louisiana St., Suite 3950
Houston, Texas 77002
adolph@lawofficesadolphrguerrajr.com
Telephone (281) 398-6917
Facsimile (713) 496-0609
**ATTORNEY FOR PLAINTFF**